Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/28/2017 09:10 AM CDT

State of Nebraska, appellee, v.
Tareik Q. Artis, appellant.
___ N.W.2d ___

Filed May 5, 2017.    No. S-16-464.

SUPPLEMENTAL OPINION

Appeal from the District Court for Lancaster County: Lori
A. Maret, Judge. Supplemental opinion: Former opinion
modified. Motion for rehearing overruled.

Robert Wm. Chapin, Jr., for appellant.

Douglas J. Peterson, Attorney General, Sarah E. Marfisi,
and Nathan A. Liss for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy,
Kelch, and Funke, JJ.

Per Curiam.
Case No. S-16-464 is before this court on the appel-
lee's motion for rehearing concerning our opinion in *State v.
Artis*.[1] We overrule the motion, but we modify the original
opinion as follows: In the section entitled "V. ANALYSIS,"
under subheading "2. Plain Error," subsection "(a) Artis'
Sentence Is Indeterminate," we withdraw the third and fourth
sentences of the single paragraph of that subsection, which
now reads:

---

[1] *State v. Artis, ante* p. 172, ___ N.W.2d ___ (2017).

## (a) Artis' Sentence
### Is Indeterminate

[9-12] The State has mischaracterized Artis' sentence of "not less than 2 years, nor more than 2 years" as a determinate sentence. A determinate sentence is imposed when the defendant is sentenced to a single term of years, such as a sentence of 2 years' imprisonment. See *State v. White*, 256 Neb. 536, 590 N.W.2d 863 (1999). In contrast, when imposing an indeterminate sentence, a sentencing court ordinarily articulates either a minimum term and maximum term or a range of time for which a defendant is to be incarcerated. Neb. Rev. Stat. § 28-105 (Reissue 2016); *State v. White, supra*. In Nebraska, the fact that the minimum term and maximum term of a sentence are the same does not affect the sentence's status as an indeterminate sentence. See, *State v. Marrs*, 272 Neb. 573, 723 N.W.2d 499 (2006); *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144 (1999). Thus, we conclude that Artis' sentence for his Class IV felony is an indeterminate sentence in which the minimum and maximum terms are the same. Such sentence complies with L.B. 1094's requirement that the court impose an indeterminate sentence for a Class IV felony when that sentence is imposed consecutively with a Class IIA felony, and we therefore find no plain error in this regard.[2]

The remainder of the opinion shall remain unmodified.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.

_____

[2] *Id.* at 179-80, ___ N.W.2d at ___.