Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/08/2018 09:07 AM CDT

State of Nebraska, appellee, v.
Kelly A. Vanness, appellant.
___ N.W.2d ___

Filed June 8, 2018.    No. S-17-687.

1. **Effectiveness of Counsel: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law.

2. \_\_\_\_: \_\_\_\_. In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.

3. **Appeal and Error.** Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.

4. **Effectiveness of Counsel: Appeal and Error.** When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred.

5. **Effectiveness of Counsel: Records: Appeal and Error.** The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. The determining factor is whether the record is sufficient to adequately review the question.

6. \_\_\_\_: \_\_\_\_: \_\_\_\_. An appellate court can determine whether the record proves or rebuts the merits of a claim of ineffective assistance of trial counsel only if it has knowledge of the specific conduct alleged to constitute deficient performance.

7. **Effectiveness of Counsel: Postconviction: Records: Appeal and Error.** An ineffective assistance of counsel claim is raised on direct

appeal when allegations of deficient performance are made with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court.

8. **Constitutional Law: Effectiveness of Counsel: Conflict of Interest.** The fact of multiple representation alone is not a per se violation of the Sixth Amendment.

9. **Effectiveness of Counsel: Conflict of Interest: Proof.** A defendant who raised no objection at trial must show that an actual conflict of interest existed. When an actual conflict exists, there is no need to show that the conflict resulted in actual prejudice to the defendant.

10. **Effectiveness of Counsel: Conflict of Interest: Presumptions: Proof.** If the defendant shows that his or her defense counsel faced a situation in which conflicting loyalties pointed in opposite directions and that his or her counsel acted for the other client's interests or the counsel's own personal interests and against the defendant's interests, prejudice is presumed.

11. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.

12. **Sentences.** When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.

13. ____. Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. This is so even when offenses carry a mandatory minimum sentence, unless the statute requires that consecutive sentences be imposed.

14. ____. A court's failure to advise a defendant of the correct statutory minimum and maximum penalties does not automatically warrant reversal.

15. ____. A determinate sentence is imposed when the defendant is sentenced to a single term of years.

16. ____. When imposing an indeterminate sentence, a sentencing court ordinarily articulates either a minimum term and maximum term or a range of time for which a defendant is to be incarcerated.

17. ____. In Nebraska, the fact that the minimum term and maximum term of a sentence are the same does not affect the sentence's status as an indeterminate sentence.

Appeal from the District Court for Holt County: Mark D. Kozisek, Judge. Affirmed as modified.

Martin V. Klein, of Carney Law, P.C., for appellant.

Douglas J. Peterson, Attorney General, Joe Meyer, and Nathan A. Liss for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, and Funke, JJ., and Strong, District Judge.

Miller-Lerman, J.

## I. NATURE OF CASE

Kelly A. Vanness accepted a plea agreement and entered pleas to four charges in the district court for Holt County, for which she was convicted and sentenced to a combined 22 to 22 months' imprisonment with periods of postrelease supervision. Vanness claims that trial counsel was ineffective in various respects. She also appeals her sentences, claiming they are excessive and an abuse of discretion. The State notes two possible points of plain error in connection with the sentencing. The State notes that (1) the district court incorrectly advised Vanness that conviction of a Class IV felony carries a maximum of 5 years in prison, whereas the actual sentence maximum was 2 years, and (2) the district court "may" have imposed an indeterminate sentence, whereas the applicable statutes for the convictions on three of the counts require determinate sentences. We affirm Vanness' convictions and modify certain sentences, as we explain below.

## II. STATEMENT OF FACTS

In an information filed December 22, 2015, in the district court for Holt County, Vanness was charged with four counts consisting of the following: operating a motor vehicle during a time of suspension, Neb. Rev. Stat. § 60-4,108 (Cum.

Supp. 2016), a Class III misdemeanor (Count 1); possession of a controlled substance (methamphetamine), Neb. Rev. Stat. § 28-416(3) (Supp. 2015), a Class IV felony (Count 2); possession of a controlled substance (hydrocodone), § 28-416(3), a Class IV felony (Count 3); and possession of drug paraphernalia, Neb. Rev. Stat. § 28-441 (Reissue 2016), an infraction (Count 4).

On February 8, 2016, Vanness pled guilty to all counts alleged in the information. At the plea hearing, Vanness stated that she was present in Holt County on September 13, 2015, operating a motor vehicle with a driver's license which had been suspended for the reason that the insurance had expired. She stated that she was in possession of methamphetamine and hydrocodone which was not prescribed to her, and a pipe recognized as drug paraphernalia. The district court found that a factual basis existed for the pleas of guilty.

At the plea hearing, the district court informed Vanness of her constitutional rights and that by pleading, she would be giving up these enumerated rights; Vanness stated that she understood and still wished to plead. The district court also inquired about Vanness' satisfaction with her trial counsel, which we recite in greater detail below. The district court found that Vanness understood her constitutional and statutory rights and that her pleas were made freely, voluntarily, knowingly, and intelligently. The court accepted the pleas of guilty and found Vanness guilty of all charges.

The district court postponed sentencing pending Vanness' participation in the "North Central Problem Solving Court." However, her participation in the problem-solving court was terminated on April 10, 2017.

On June 6, 2017, following preparation of a presentence investigation report, the district court pronounced the sentence of 60 to 60 days' imprisonment for the conviction on Count 1, to run concurrently with all sentences imposed. For the conviction on Count 2, she was sentenced to 12 to 12 months' imprisonment with 9 months of postrelease supervision, with credit for 26 days served, to run consecutively to other sentences.

For the conviction on Count 3, the district court sentenced Vanness to 10 to 10 months' imprisonment, to run consecutively to other sentences, with a period of 9 months of successive and additional postrelease supervision. Vanness was fined $100 for the conviction on Count 4.

This appeal followed.

## III. ASSIGNMENTS OF ERROR

Vanness claims that her trial counsel was ineffective in various respects and that the district court erred by imposing excessive sentences.

## IV. STANDARDS OF REVIEW

[1,2] Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

[3] Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Ramirez*, 287 Neb. 356, 842 N.W.2d 694 (2014).

## V. ANALYSIS

As we explain below, with regard to Vanness' claims of ineffectiveness of trial counsel, we are unable to reach the merits of her claim that trial counsel had a conflict of interest, but we determine that her other claims of ineffectiveness are refuted by the record. We determine that the sentences imposed on Vanness' convictions did not exceed the statutory limits, and we find no abuse of discretion in connection with the district court's rationale in sentencing. However, we

find plain error in the sentences imposed for the convictions on Counts 1, 2, and 3, because the district court pronounced indeterminate sentences where determinate sentences were required by statutes. Accordingly, we affirm Vanness' convictions and modify her sentences for the convictions on Counts 1, 2, and 3.

## 1. INEFFECTIVE ASSISTANCE
### OF COUNSEL

[4,5] Vanness is represented on direct appeal by counsel different from the counsel who represented her at trial. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Lane*, 299 Neb. 170, 907 N.W.2d 737 (2018). Otherwise, the issue will be procedurally barred. *Id.* The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.*

[6,7] An appellate court can determine whether the record proves or rebuts the merits of a claim of ineffective assistance of trial counsel only if it has knowledge of the specific conduct alleged to constitute deficient performance. *Id.* An ineffective assistance of counsel claim is raised on direct appeal when allegations of deficient performance are made with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *Id.*

### (a) Trial Counsel's Alleged
### Conflict of Interest

Vanness asserts that she was denied effective assistance of trial counsel because of an actual conflict of interest arising

out of counsel's representation of another individual. Vanness specifically notes that her trial counsel also represented another person who was arrested with Vanness and that their cases were consolidated for purposes of their plea hearings. Vanness contends that because the other defendant sold the drugs involved in this case and the drugs belonged to the other defendant, an actual conflict existed.

[8-10] The fact of multiple representation alone is not a per se violation of the Sixth Amendment. *State v. Narcisse*, 260 Neb. 55, 615 N.W.2d 110 (2000). A defendant who raised no objection at trial must show that an actual conflict of interest existed. *State v. Cotton*, 299 Neb. 650, 910 N.W.2d 102 (2018). When an actual conflict exists, there is no need to show that the conflict resulted in actual prejudice to the defendant. *Id*. If the defendant shows that his or her defense counsel faced a situation in which conflicting loyalties pointed in opposite directions and that his or her counsel acted for the other client's interests or the counsel's own personal interests and against the defendant's interests, prejudice is presumed. *Id*. A conflict of interest must be actual, rather than speculative or hypothetical, before a court can overturn a conviction because of ineffective assistance of counsel. *Id*.

Although Vanness' allegation regarding an alleged conflict of interest of her trial counsel due to multiple representation is sufficiently stated, the record is insufficient to review it in this direct appeal.

(b) Trial Counsel's Failure to Investigate
Innocence Defense and Advisement
of Lenient Sentencing

On appeal, Vanness claims that drugs found at the scene of the arrest belonged to another individual and that her trial counsel failed to investigate a possible defense of innocence. The files and records of the case affirmatively show that this allegation of ineffectiveness of counsel has no merit. At the plea hearing, the trial judge specifically asked whether Vanness explained to her trial counsel all theories of defense

that she might have or could think of, and whether her trial counsel investigated the defenses which she thought she might have to her satisfaction. Vanness responded "[y]es" to both inquiries.

Vanness further claims that her trial counsel advised her to plead guilty because she would receive "a lenient sentence." Brief for appellant at 10. This allegation of ineffectiveness of counsel has no merit. During the colloquy at the plea hearing, Vanness denied that any threats or promises were made to induce her to enter her pleas of guilty. The record affirmatively refutes Vanness' claim that she was promised lenient sentencing. See *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015).

### 2. Sentencing Errors

### (a) Excessive Sentences

Vanness generally claims that the sentences imposed were excessive and an abuse of discretion. In particular, Vanness contends that she should have been sentenced to either lesser sentences or concurrent sentences. We find no merit to Vanness' claims regarding excessiveness of sentences.

[11-13] Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Hunt*, 299 Neb. 573, 909 N.W.2d 363 (2018). When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *Id*. This is so even when offenses carry a mandatory minimum

sentence, unless the statute requires that consecutive sentences be imposed. *Id*.

We have reviewed the record which shows that the sentence imposed on each of Vanness' convictions was within the statutory limits and that the district court considered and applied the necessary sentencing factors. The district court expressed concern for Vanness' substance abuse history, relapses, and her lack of success in the problem-solving court. The district court noted one of "the overriding considerations" was protecting the public from Vanness, who had recently been in an accident while reportedly driving under the influence of drugs and alcohol. Given her relapse in the problem-solving court, the district court stated that maintaining Vanness in a "controlled environment" such as prison might allow her to become less likely to abuse drugs and alcohol and less likely to "harm someone else or [her]self." We do not find an abuse of discretion in the court's consideration of sentencing factors.

### (b) Incorrect Advisement

[14] The State notes that when Vanness pleaded guilty, the district court incorrectly advised her that the potential maximum penalty for the conviction of a Class IV felony was 5 years' imprisonment. However, because the date of the offenses was in September 2015, after 2015 Neb. Laws, L.B. 605, had become effective on August 30, 2015, the maximum sentence of imprisonment for the conviction of a Class IV felony was 2 years. Neb. Rev. Stat. § 28-105 (Supp. 2015). We have observed that a court's failure to advise a defendant of the correct statutory minimum and maximum penalties does not automatically warrant reversal. *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015). Here, the district court erroneously advised Vanness that the range of penalties for the convictions on Counts 2 and 3, possession of methamphetamine and hydrocodone, was 0 to 5 years' imprisonment. Although incorrect, this advisement did not prejudice Vanness. The sentences actually imposed of 12 to 12 months' imprisonment with 9 months of postrelease supervision, and

10 to 10 months' imprisonment, with a period of 9 months of successive postrelease supervision were both under the statutory maximum and the maximum articulated by the district court. See *id*. Facing a higher, albeit incorrect maximum, it is "inconceivable" that Vanness would agree to plead guilty to a higher maximum but not the lesser sentence which was actually imposed. See *id*. at 42, 863 N.W.2d at 820.

### (c) Plain Error in Sentencing

The State notes a possible error regarding whether Vanness' sentences were "determinate" as required by statutes. Specifically, the convictions on Counts 1, 2, and 3 should have been determinate sentences under Neb. Rev. Stat. § 29-2204.02(1)(a) (Supp. 2015) (Class IV felonies) and Neb. Rev. Stat. § 28-106(2) (Supp. 2015) (misdemeanors).

No error has been assigned with regard to the periods of postrelease supervision imposed, the credit for time served, or the consecutive nature of Vanness' sentencing which we have not already addressed. However, when the district court pronounced the sentences of 60 to 60 days' imprisonment for the convictions on Count 1, a Class III misdemeanor; 12 to 12 months' imprisonment on Count 2, a Class IV felony; and 10 to 10 months' imprisonment on Count 3, a Class IV felony, such sentences were indeterminate rather than determinate. The district court plainly erred by failing to pronounce determinate sentences, and such error requires that we modify these sentences on direct appeal.

[15-17] We recently clarified the distinction between determinate and indeterminate sentences. See *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017), *modified on denial of rehearing* 296 Neb. 606, 894 N.W.2d 349. In *Artis*, we said:

> A determinate sentence is imposed when the defendant is sentenced to a single term of years, such as a sentence of 2 years' imprisonment. See *State v. White*, 256 Neb. 536, 590 N.W.2d 863 (1999). In contrast, when imposing an indeterminate sentence, a sentencing court ordinarily articulates either a minimum term and maximum term or

a range of time for which a defendant is to be incarcerated. Neb. Rev. Stat. § 28-105 (Reissue 2016); *State v. White, supra*. In Nebraska, the fact that the minimum term and maximum term of a sentence are the same does not affect the sentence's status as an indeterminate sentence. See *State v. Marrs*, 272 Neb. 573, 723 N.W.2d 499 (2006); *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144 (1999).

296 Neb. at 607, 894 N.W.2d at 349-50.

In its brief, the State refers to *Artis, supra*, and maintains that Vanness' sentences are "determinate" for the reasons the sentences are for an identifiable and definite term of years and the inclusion of postrelease supervision on the sentences for Vanness' Class IV felonies shows the district court intended to impose determinate sentences. See § 29-2204.02(1). The State's characterization of the sentences in question is not consistent with our historical or recent jurisprudence.

Although Vanness' sentences have the same minimum and maximum term of years and can be definitely ascertained, these features do not convert them into determinate sentences. They were not pronounced as a "single term of years" and thus are not determinate, and the district court plainly erred. See *Artis*, 296 Neb. at 607, 894 N.W.2d at 350. For completeness, we note that to the extent any of our prior cases have been perceived as characterizing sentences where the minimum and maximum terms were the same number as determinate, these articulations were not a complete statement of the laws and are disapproved. See, e.g., *Johnson v. Clarke*, 258 Neb. 316, 603 N.W.2d 373 (1999) (discussing calculation of credit concerning parole dates). We reaffirm the rule in *Artis* that a determinate sentence is a single term of years and an indeterminate sentence is a minimum term and maximum term or a range of time for which a defendant is to be incarcerated, even if the minimum and maximum number are the same. See, also, *State v. Marrs*, 272 Neb. 573, 723 N.W.2d 499 (2006); *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144 (1999).

Because the court's intended sentences are apparent from the record, and because we find no other error in sentencing, as indicated below, we modify each of Vanness' sentences of imprisonment for the convictions on Counts 1, 2, and 3 to a single term of years, in accordance with §§ 29-2204.02(1)(a) and 28-106(2). We find no error and therefore affirm the sentence for the conviction on Count 4.

## VI. CONCLUSION

The record is insufficient to resolve Vanness' claim that trial counsel was ineffective due to an actual conflict of interest. Vanness' claims that she was denied effective assistance of trial counsel based on potential defenses or promises of leniency are affirmatively refuted by the record. We affirm Vanness' convictions.

With regard to sentencing, we determine that Vanness' sentences did not exceed the statutory range and that there was no error regarding the sentence for the conviction on Count 4. However, because the district court pronounced indeterminate sentences instead of determinate sentences for the convictions on Counts 1, 2, and 3, as required by §§ 29-2204.02(1)(a) and 28-106(2), we modify Vanness' sentences as follows: for the conviction on Count 1, 60 days' imprisonment to run concurrently with all sentences imposed. For the conviction on Count 2, 12 months' imprisonment with 9 months of postrelease supervision, with credit for 26 days served, to run consecutively to other sentences. For the conviction on Count 3, 10 months' imprisonment, to run consecutively to other sentences, with a period of 9 months of successive and additional postrelease supervision. We find no error and therefore affirm the sentence for the conviction on Count 4.

Affirmed as modified.