IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BUFFINGTON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MELVIN BUFFINGTON, APPELLANT.

Filed June 16, 2020.    No. A-19-546.

Appeal from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed.

Kevin A. Ryan, of Ryan Law Offices, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

MOORE, Chief Judge, and PIRTLE and WELCH, Judges.

PIRTLE, Judge.

## INTRODUCTION

Melvin Buffington appeals his plea-based convictions and sentences in the district court for Douglas County for two counts of attempted first degree sexual assault. He argues that he should have been allowed to withdraw his pleas, that his sentences are excessive, and that his trial counsel provided ineffective assistance. Based on the reasons that follow, we affirm.

## BACKGROUND

In October 2018, the State filed a third amended information charging Buffington with 23 counts, which included 3 counts of first degree sexual assault, Class II felonies, and 20 counts of third degree sexual assault, Class I misdemeanors.

On March 7, 2019, pursuant to a plea agreement, the State amended two of the three counts of first degree sexual assault to attempted first degree sexual assault, Class IIA felonies, and dismissed the third count of first degree sexual assault and the 20 counts of third degree sexual

assault. Buffington agreed to plead no contest to the two counts of attempted first degree sexual assault.

At the plea hearing, before accepting Buffington's no contest pleas, the court advised him that he was giving up certain constitutional rights by entering a plea, which included the right to confront witnesses against him, the right to a jury trial, and the privilege against self-incrimination. The court also advised him that he had the right to be represented by an attorney at all states of the criminal proceeding. The court further advised him of the charges against him and the range of penalties. Buffington stated that he understood the rights he was giving up, including the right to an attorney, as well as the charges against him, and the range of penalties. Buffington indicated to the court that he had sufficient time to discuss the case with his attorneys prior to the hearing, that they had discussed all the defenses he felt he may have, and that he was satisfied with his attorneys and felt they had properly represented him.

The State then provided a factual basis to support Buffington's no contest pleas. In summary, the State would have provided evidence that showed that Buffington, a massage therapist, put his fingers inside the vaginas of two female clients while giving them professional massages at Buffington's place of employment.

The trial court found beyond a reasonable doubt that Buffington understood the nature of the amended charges against him to which he pled no contest; he understood the possible sentences; the pleas were made freely, knowingly, intelligently, and voluntarily; and there was a sufficient factual basis for the pleas. The court accepted Buffington's no contest pleas and adjudged him guilty on both counts. The court ordered a presentence investigation and scheduled sentencing.

On March 15, 2019, Buffington filed a motion to withdraw his no contest pleas, asserting that his pleas were not entered freely, intelligently, voluntarily, and understandingly.

On March 27, 2019, Buffington's trial counsel filed a motion to withdraw. The trial court granted the motion and Buffington was appointed new counsel.

On April 8, 2019, a hearing was held on Buffington's motion to withdraw his pleas. The State offered into evidence a transcript of the plea hearing, and Buffington offered his affidavit in support of his motion. Both exhibits were received into evidence. The trial court subsequently entered an order denying Buffington's motion to withdraw his pleas.

A sentencing hearing was held in May 2019. The trial court sentenced Buffington to a term of imprisonment of 10 to 12 years on each of the two counts and ordered the sentences to be served consecutively. He was given 446 days of credit for time served.

## ASSIGNMENTS OF ERROR

Buffington assigns that the trial court erred in failing to allow him to withdraw his pleas and in imposing excessive sentences. He also assigns that his trial counsel was ineffective.

## STANDARD OF REVIEW

A trial court has discretion to allow defendants to withdraw their guilty or no contest please before sentencing. *State v. Carr*, 294 Neb. 185, 881 N.W.2d 192 (2016). An appellate court will

not disturb the trial court's ruling on a presentencing motion to withdraw a guilty or no contest plea absent an abuse of discretion. *Id.*

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving the litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

ANALYSIS

*Motion to Withdraw Pleas.*

Buffington first argues that the trial court erred in failing to allow him to withdraw his no contest pleas. After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015). The burden is on the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. *Id.*

Buffington's motion to withdraw his pleas alleged that his pleas were not entered freely, intelligently, voluntarily, and understandingly. At the hearing on his motion, Buffington entered an affidavit stating the specific reasons he should be allowed to withdraw his pleas, which included: (1) when counsel informed him about the plea offer, counsel told him that if he went to trial he could not win and that the plea agreement was the best possible outcome; (2) his counsel also told him that he would have to decide how much prison time he was willing to do; (3) he had inadequate time to consider the plea agreement and to discuss the plea agreement with his wife; and (4) on the day after he pled, his wife sent his counsel an email informing counsel that Buffington wanted to withdraw his pleas and his counsel told him that could not be done. He further alleged that a few days later his counsel told him that the plea agreement was the best option and he really had no choice because the witness testimony was so compelling and the possible prison time was much greater if he went to trial.

The trial court denied Buffington's motion to withdraw his pleas, finding that his claim that his pleas were not entered knowingly, voluntarily, and intelligently was affirmatively refuted by the record. Buffington argues that the trial court erred in denying his motion to withdraw his pleas because it did not address the claims raised in his affidavit. However, the court was not required to specifically address the claims made in the affidavit in its order. The motion to withdraw pleas was based on the sole allegation that the pleas were not made freely, intelligently, voluntarily, and understandingly. The court had a transcript of the plea hearing and determined that the record refuted Buffington's claim. We agree.

To support a finding that a plea of guilty has been entered freely, intelligently, voluntarily, and understandingly, a court must inform a defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Ortega, supra*. The record must also establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. *Id.*

The record shows that the trial court complied with all of the requirements set forth above and Buffington confirmed his understanding of everything explained by the trial court. In addition to the information the court was required to give, at the start of the plea hearing, the court stated its understanding of the plea agreement and asked Buffington if he wanted to enter into the plea agreement and Buffington responded in the affirmative. The court also advised Buffington that he could speak privately and confidentially with his counsel before answering any of the court's questions. Buffington did not do so. Further, the court asked Buffington if he had had sufficient time to discuss the case with counsel, had discussed all of the defenses he believed he had with counsel, and whether he was satisfied with counsel and believed his counsel had properly represented him. Buffington responded "yes" to all three questions. After explaining the charges, what the State would have to prove if there was a trial, and the possible penalties, the court again asked Buffington if he wanted to speak privately with his attorneys and he declined. The record clearly establishes that Buffington indicated he understood the pleas he entered and the consequences of entering the no contest pleas. Accordingly, as the trial court found, Buffington's pleas were entered freely, intelligently, voluntarily, and understandingly.

Buffington failed to prove by clear and convincing evidence that a fair and just reason existed for allowing him to withdraw his pleas. Thus, the trial court did not abuse its discretion in not allowing Buffington to withdraw his pleas.

*Excessive Sentence.*

Buffington next assigns that the trial court imposed excessive sentences. Buffington was convicted of two counts of attempted first degree sexual assault in violation of Neb. Rev. Stat. §§ 28-319(1)(a) and 28-201(4)(b) (Reissue 2016), both Class IIA felonies. The maximum penalty for a Class IIA felony is 20 years' imprisonment and there is no minimum penalty. Neb. Rev. Stat. § 28-105 (Reissue 2016). Buffington was sentenced to 10 to 12 years' imprisonment on each count. These sentences are well within the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Smith*, 302 Neb. 154, 922 N.W.2d 444 (2019). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the

sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Because the sentences were within the statutory limits, the question is whether the court abused its discretion. Buffington argues that the trial court failed to consider certain mitigating circumstances, including the letters of support from family and friends, the jail time he served prior to sentencing, and the time he saved the State and witnesses by not having a trial, because the court did not mention them at the sentencing hearing. However, the court did consider the time Buffington served prior to sentencing, as it gave him credit for time served. The record also reflects that the court acknowledged that by pleading, Buffington prevented the witnesses from having to testify at trial. Buffington's counsel also discussed, among other factors, the many letters of support that had been submitted to the court, and the court stated that it had taken counsel's comments into account in formulating Buffington's sentences.

The record reflects that the trial court considered the appropriate factors in deciding Buffington's sentences. There is no indication that the trial court took into consideration any inappropriate factors in reaching its sentencing determination. Therefore, the sentences imposed by the trial court do not constitute an abuse of discretion.

*Ineffective Assistance of Counsel.*

Finally, Buffington assigns that his trial counsel provided ineffective assistance. However, Buffington has failed to properly present this claim for appellate review. In *State v. Mrza*, 302 Neb. 931, 935, 926 N.W.2d 79, 86 (2019), the Nebraska Supreme Court held that "assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity." Buffington's appellate brief was filed after the *Mrza* case was released and he was required to comply with the Supreme Court's holding. Because Buffington's assignment of error does not specifically allege deficient performance as required by *State v. Mrza, supra*, it is not properly before us and we do not address it.

CONCLUSION

We conclude that the trial court did not abuse its discretion in failing to allow Buffington to withdraw his pleas and that his sentences were not excessive. Buffington's ineffective assistance of counsel claim is not properly before us. Accordingly, Buffington's convictions and sentences are affirmed.

AFFIRMED.