IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MORRELL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

LUKAS J. MORRELL, APPELLANT.

Filed March 25, 2025.    No. A-24-763.

Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Christopher L. Eickholt, of Eickholt Law, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

RIEDMANN, Chief Judge, and PIRTLE and ARTERBURN, Judges.

RIEDMANN, Chief Judge.

## I. INTRODUCTION

Lukas J. Morrell appeals from his plea-based convictions in the district court for Lancaster County. He argues the sentences imposed are excessive and that he was denied effective assistance of trial counsel. Because we find no abuse of discretion by the district court and determine his ineffective assistance claims fail, we affirm.

## II. BACKGROUND

In August 2024, the State filed an information charging Morrell with ten felony offenses related to the sale of illicit drugs and child neglect. Pursuant to a plea agreement, the State filed an amended information charging Morrell with one count of attempted delivery or intent to deliver cocaine, 10 to 27 grams, and one count of delivery or intent to deliver a controlled substance, both Class II felonies. Neb. Rev. Stat. § 28-416 (Cum. Supp. 2022); Neb. Rev. Stat. § 28-201 (Reissue

- 1 -

2016). In exchange, Morrell entered guilty pleas to the amended charges. At the plea hearing, the State provided the following factual basis for the charges.

Between August and November 2023, police executed eight separate controlled buys and recovered a total of 26.918 grams of cocaine from Morrell and his codefendant, Kalyn Duell. On one such occasion, an undercover officer purchased cocaine from Morrell and Duell, who were accompanied by their 3-year-old minor child. On another occasion, the officer facilitated a sale with Morrell, and Duell and the minor child later delivered the cocaine. State lab testing confirmed the substances purchased during each of the controlled buys were cocaine.

In February 2024, the same undercover officer arranged to purchase cocaine from Morrell. Upon making contact, Morrell was arrested, and officers recovered 15.3 grams of cocaine from his front left pocket. Lab testing confirmed the substance on his person was cocaine. After his arrest, officers searched Morrell's home and observed marijuana paraphernalia in plain view, which was accessible to the minor child, as well as additional suspected cocaine.

After the State's recitation of the facts, the court found the factual basis was sufficient, accepted Morrell's pleas, and adjudged him guilty of the charges in the amended information. The court ordered a presentence investigation report (PSI) to be completed and scheduled sentencing.

At the sentencing hearing, Morrell was sentenced to 6 to 10 years' incarceration for each of his convictions. The sentences were ordered to run consecutive to one another and to any other sentence he may have been currently serving, and he was given 224 days' credit for time previously served. Morrell now appeals his convictions and sentences.

## III. ASSIGNMENTS OF ERROR

Represented by new counsel on direct appeal, Morrell assigns, restated and reordered, that the district court abused its discretion by imposing excessive sentences. He also assigns he was denied effective assistance of counsel because his trial counsel failed to (1) sufficiently communicate with him, (2) request the district court lower his pretrial bond, (3) negotiate a more favorable plea agreement, and (4) effectively argue mitigating factors at sentencing.

## IV. STANDARD OF REVIEW

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Woolridge-Jones*, 316 Neb. 500, 5 N.W.3d 426 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Npimnee*, 316 Neb. 1, 2 N.W.3d 620 (2024). In reviewing a claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

## V. ANALYSIS

### 1. SENTENCES IMPOSED ARE NOT EXCESSIVE

Morrell assigns as error that the district court abused its discretion by imposing excessive sentences. He argues that the court failed to meaningfully consider the circumstances surrounding the offense, the nature of the offense, his age, mentality, and history, and the circumstances relating to his life. He asserts, regarding his two sentences of 6 to 10 years' incarceration, "[w]hile courts are given discretion to impose sentences and need not explicitly justify every sentence, such a significant sentence ought to be explained." Brief for appellant at 17.

As previously stated, Morrell was convicted of two Class II felonies. See, § 28-416; § 28-201. Class II felonies are punishable by a maximum of 50 years' incarceration and carry a mandatory minimum sentence of 1 year's incarceration. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). While Morrell's sentences are well within the statutory range, he nonetheless argues they are excessive and constitute an abuse of discretion by the district court.

When a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Barnes*, 317 Neb. 517, 10 N.W.3d 716 (2024). When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*. See, also, *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017) (sentencing court is accorded very wide discretion in imposing sentence).

The record indicates that the district court considered the relevant statutory factors in sentencing Morrell, specifically his age, criminal history, motivation for the offense, and the nature and circumstances of the offense. The sentencing court acknowledged Morrell was "very young," but recognized that he had "chosen to conduct [himself] in an adult way," including by having a child. The court explained that Morrell had placed his child, and the community, in a dangerous situation on more than one occasion. The court also stated that, although Morrell had a limited criminal history, he had a very high likelihood of reoffending. It noted Morrell's past involvement in the Juvenile Drug Court and the extensive support he received through that program, yet he continued to reoffend. The court also acknowledged Morrell's case was more than "a case of simple addiction" and that he had received a very generous plea agreement.

Additionally, the district court stated it had reviewed and considered the PSI and the additions which had been submitted by Morrell's trial counsel including a letter of acceptance for treatment with an available bed. The PSI shows that Morrell was 25 years old at the time of the report and that according to the Level of Service Case Management Index Morrell was at a "very high" risk to reoffend. He had scored "high" or "very high" in all but two subcategories. Also, the PSI showed that either Morrell or Duell had brought their 3-year-old daughter with them during

multiple of the controlled buys, and that a search of their home revealed marijuana paraphernalia and cocaine were accessible to the child. The court also expressly acknowledged that Morrell had made "efforts" while he had been incarcerated.

There is nothing in the record which indicates the district court failed to consider the relevant sentencing factors, and we thus determine the court did not abuse its discretion in sentencing Morrell.

We further note that the plea agreement resulted in the dismissal of eight additional felony charges. Each of the remaining charges was punishable by up to 50 years' incarceration, but Morrell was sentenced to an aggregate of only 12 to 20 years' incarceration on his two convictions. Given the favorability of the plea agreement and the potential sentencing length, the length of the sentences imposed by the district court are not an abuse of discretion.

### 2. TRIAL COUNSEL WAS NOT INEFFECTIVE

Morrell assigns multiple errors which assert he was denied effective assistance of counsel in various respects. He contends counsel was ineffective by failing to sufficiently communicate with him, ask the district court to lower his pretrial bond, negotiate a more favorable plea agreement, and effectively argue mitigating factors at sentencing.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. German*, 316 Neb. 841, 7 N.W.3d 206 (2024). Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487 (2024).

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Anthony*, 29 Neb. App. 839, 961 N.W.2d 545 (2021).

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. German, supra*. When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*.

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id*. The record is sufficient if it establishes

either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*.

### (a) Failure to Sufficiently Communicate

Morrell assigns that his trial counsel was ineffective in failing to sufficiently communicate with him. He contends trial counsel's rushed and insufficient communication resulted in him lacking an adequate understanding of the case against him and not having an appreciation of his options. Moreover, Morrell asserts he was unable to share information and facts with his trial counsel that would have been helpful in negotiating a better plea agreement or obtaining a lesser sentence.

Contrary to his assertions, Morrell's claims are affirmatively refuted by his plea colloquy. See *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018) (finding ineffective assistance of counsel claim refuted by defendant's statements to court during plea colloquy). The record discloses the following:

The Court: Mr. Morrell, have you discussed these plea proceedings that we're conducting here today with your lawyer?

[Morrell]: Yes, I have, Your Honor.

The Court: And did he explain these charges to you together with the rights that we've been discussing?

[Morrell]: Yes, he did, Your Honor.

The Court: Did he also discuss with you all of the possible defenses to these charges that you might have if you were to have a trial?

[Morrell]: Yes, he did, Your Honor.

The Court: Are there any defenses that you feel that you may have or any facts about your case that you think might be helpful to your defense that you've not already discussed with your lawyer?

[Morrell]: No, Your Honor.

The Court: In fact, have you told him everything that you know about your case so that he can represent you properly?

[Morrell]: Yes, I did, Your Honor.

. . . .

The Court: Have you had enough time to talk with him about your case?

[Morrell]: Yes, I have, Your Honor.

Given these statements he made during the plea hearing, we find Morrell's claim is refuted by the record. His claim thus fails.

### (b) Failure to Advocate for Lower Pretrial Bond

Morrell also assigns counsel was ineffective in failing to advocate for the district court to lower his bond. He contends, because he was unable to post bond and remained in custody during the pendency of the case, he was prejudiced because he was unable to take advantage of treatment and rehabilitative services and demonstrate to the court and to the State that he was capable of

living "a law-abiding life in the community." Brief for appellant at 11. He asserts, had he been released from custody, he would have "been able to prepare a meaningful defense and would have properly considered his options as to how to resolve the case against him" and that he could have applied to drug court or negotiated a more favorable plea agreement. *Id*.

We determine that Morrell cannot show prejudice resulting from any alleged deficiency by counsel in failing to negotiate a lower bond. Because Morrell's convictions were based upon guilty pleas, to show prejudice, Morrell must demonstrate a reasonable possibility that but for his counsel's performance, he would have insisted on proceeding to trial. See *State v. Anthony*, 29 Neb. App. 839, 961 N.W.2d 545 (2021).

Here, the factual basis provides that the State's evidence involved eight separate control purchases by law enforcement. Given that the plea agreement dismissed eight felony charges and greatly reduced the potential sentencing length, we determine it appears unlikely that Morrell could show a reasonable probability that if his pretrial bond had been lowered, he would have insisted on going to trial on all ten counts rather than pleading guilty to two Class II felonies. Additionally, the district court indicated at sentencing that although Morrell had made "efforts" while incarcerated, it "simply can't overlook the nature of this offense and the risk that [Morrell] placed this community in. And your minor child, who is a member of this community." Therefore, even if Morrell's bond had been lowered and he was released, it is unlikely that having undergone treatment would have changed his sentence.

For these reasons, this claim fails.

### (c) Failure to Negotiate More Favorable Plea Agreement

Morrell assigns that his trial counsel was ineffective in failing to negotiate a more favorable plea agreement. He argues that his counsel was not familiar with or was uninterested in his case, and that counsel represented him without "any zeal or effort." Brief for appellant at 12. He contends that he was prejudiced because counsel's "indifference" resulted in failure to secure a more favorable plea agreement. *Id*.

The record refutes Morrell's claims. At the plea hearing, Morrell affirmatively indicated that he had enough time to talk with counsel about his case and he was satisfied with trial counsel's performance. See *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018). He stated to the court:

> The Court: Are you satisfied with the job that he's done as your attorney?
> [Morrell]: Yes, I am, Your Honor.
> The Court: Do you feel he's a competent lawyer, he knows what he's doing?
> [Morrell]: Yes, Your Honor.
> The Court: Have you had enough time to talk with him about your case?
> [Morrell]: Yes, I have, Your Honor.

This claim fails.

### (d) Failure to Argue Mitigating Factors at Sentencing

Morrell assigns that his trial counsel was ineffective in failing to argue mitigating factors at sentencing. He asserts that he had completed a number of rehabilitative programs during the pendency of the case, had been accepted into a rehabilitation treatment program, completed a

substance evaluation, and that a letter had been written by a representative of Lutheran Family Services which stated he had shown a commitment to bettering himself. Morrell acknowledges that these documents were included in the PSI and that his counsel referred to them at sentencing. However, he contends that if his counsel had "argued these points more persuasively" it would have "dissuaded the court from imposing the sentence it did." Brief for appellant at 12.

As to counsel's failure to argue mitigating factors, absent affirmative evidence to the contrary, we will presume that the sentencing court fulfilled its statutory obligation to give a PSI report due consideration, whether or not any particular aspect of the report was highlighted by defense counsel. See *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). As he concedes in his brief, Morrell's certificates of completion for various rehabilitative courses, a letter showing he had been accepted into a rehabilitative treatment program, his substance use evaluation, and the letter written by a Lutheran Family Services representative, were all included in an addition to the PSI. The court stated at sentencing it had reviewed and considered this addition and that it did not "want to diminish the efforts [he] made while incarcerated." Morrell does not suggest that there is any affirmative evidence to be found outside the record demonstrating the court did not consider these documents. Morrell cannot establish that he was prejudiced by trial counsel's failure to argue mitigating factors that were contained in the PSI report and which the court acknowledged having considered. We therefore reject this assigned error.

Also, Morrell asserts that, "[t]he prosecutor made a number of arguments at sentencing" which he believes his trial counsel should have responded to. Brief for appellant at 13. He acknowledges the record is insufficient to show what his counsel should or could have stated in response to the State's arguments, but contends counsel was ineffective in failing to argue and convince the court to impose a lesser sentence.

While Morrell argues that his trial counsel should have responded to "a number of arguments" made by the prosecutor at sentencing, he does not identify the particular statements. *Id*. We therefore decline to speculate which specific arguments he contends counsel should have responded to and we reject this argument. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *Id.* Where an appellant's brief contains conclusory assertions unsupported by a coherent analytical argument, the appellant fails to satisfy such requirement. *State v. Garcia*, 315 Neb. 74, 994 N.W.2d 610 (2023).

## VI. CONCLUSION

For these reasons, we affirm the judgment and sentence of the district court.

AFFIRMED.