IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ALCANTARA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

GERSON ALCANTARA, APPELLANT.

Filed July 7, 2020.    No. A-20-069.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Allyson A. Mendoza for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

MOORE, Chief Judge, and RIEDMANN and ARTERBURN, Judges.

MOORE, Chief Judge.

## I. INTRODUCTION

Gerson Alcantara appeals from his plea-based convictions in the district court for Douglas County of attempted first degree sexual assault of a child and two counts of third degree sexual assault of a child. On appeal, Alcantara claims that he received ineffective assistance of trial counsel and that his sentences were excessive. We affirm.

## II. BACKGROUND

Alcantara was originally charged in the district court with first degree sexual assault of a child, a Class IB felony, and two counts of third degree sexual assault of a child, Class IIIA felonies. In exchange for Alcantara's plea of no contest, the State filed an amended information in which the first degree sexual assault charge was amended to attempted first degree sexual assault of a child, a Class II felony. The third degree sexual assault charges remained the same.

- 1 -

At the plea hearing, Alcantara was provided with a Nebraska court certified Spanish interpreter. In response to questions by the court, Alcantara indicated that he had been able to go over the police reports with his attorney and he was able to read them. Alcantara's counsel stated that Alcantara was aware of what happened in the deposition that was taken. The court asked Alcantara whether he had any problems understanding any of the evidence in the case and he responded with "no." The court advised Alcantara of the constitutional rights that he was giving up by entering a plea, and Alcantara indicated that he understood the rights that he was waiving and he still wished to enter pleas of no contest to the amended charges. The court then reviewed with Alcantara the charges, the elements to be proven for each charge, and the possible sentences; he again indicated that he understood. The court advised Alcantara that it could impose concurrent or consecutive sentences, and he indicated that he understood the difference. The court asked whether he understood that the sentencing decision was fully within the discretion of the court, and he responded affirmatively. Alcantara agreed that he had gone over the sentencing ranges with his attorney. The court asked Alcantara whether anyone had told him that by entering his pleas, he would "get a light sentence, be rewarded, or promised you anything" and Alcantara answered "no." He further denied that anyone, including law enforcement, had offered him leniency to get him to plead. Alcantara answered affirmatively that his pleas were his own free and voluntary act. He answered affirmatively that he had enough time to discuss his case with his attorney, that he was satisfied with his attorney, and that he felt his attorney properly represented him.

According to the factual basis provided by the State, Alcantara is related to the two victims; he is their father's cousin. Alcantara subjected both victims to sexual contact on multiple occasions, and he subjected one of the victims to penile penetration of her vagina. The victims were between the ages of 9 and 11 when these events occurred.

The district court found beyond a reasonable doubt that (1) Alcantara understood the nature of the charges against him and the possible sentences that could be imposed, and (2) his pleas were made freely, knowingly, intelligently, and voluntarily. The court accepted his pleas of no contest and found him guilty of the charges.

Following the preparation of a presentence investigation (PSI), the district court sentenced Alcantara to 40 to 46 years' imprisonment on the attempted first degree sexual assault charge and to 2 to 3 years on each of the third degree sexual assault charges, with all sentences to be served consecutively. He was given credit for 296 days previously served. Alcantara filed this timely appeal.

## III. ASSIGNMENTS OF ERROR

Restated, Alcantara assigns that he received ineffective assistance of counsel because his trial counsel (1) failed to review vital discovery with Alcantara prior to his decision to plead no contest, (2) provided him with English language legal documents despite knowing that he could not understand the English language, and (3) impermissibly promised him that he would receive no more than 10 years of imprisonment in return for pleading no contest to the amended information. Alcantara further assigns that the cumulative effect of all the errors shows that trial counsel's overall performance was so deficient that it denied him the effective assistance of

counsel. Finally, Alcantara assigns that the district court abused its discretion in imposing an excessive sentence.

## IV. STANDARD OF REVIEW

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Becker*, 304 Neb. 693, 936 N.W.2d 505 (2019).

## V. ANALYSIS

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

Alcantara argues that he received ineffective assistance of trial counsel in several respects. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Lee*, 304 Neb. 252, 934 N.W.2d 145 (2019). Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that the deficient performance actually prejudiced the defendant's defense. *State v. Iddings, supra*.

In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). The prejudice requirement in a plea context is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Haynes*, 299 Neb. 249, 908 N.W.2d 40 (2018), *disapproved on other grounds, State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018). In determining the prejudice component of alleged ineffective assistance of counsel in a plea context, the likelihood of the defense's success had the defendant gone to trial should be considered along with other factors, such as the likely penalties the defendant would have faced if convicted at trial, the relative benefit of the plea bargain, and the strength of the State's case. *Id*.

Alcantara suggests that this court may find the record insufficient to determine his claims of ineffective assistance of counsel and if so, requests that his claim be preserved for an evidentiary hearing. To the contrary, we find the record is sufficient to review the merits of Alcantara's claims.

### (a) Failure to Provide Discovery

Alcantara claims that he repeatedly requested trial counsel to provide him with police reports and witness statements that the State had accumulated in the case against him. He further asserts that trial counsel refused to provide and sufficiently review the important discovery evidence with him, which prejudiced his ability to knowingly and adequately respond to the charges against him. Alcantara argues that had he been presented with all of the evidence in this case, there is a reasonable probability that he would not have accepted an unfavorable plea deal and would have proceeded to trial.

We find the record sufficient to review this claim. As set forth above, Alcantara indicated at the plea hearing that he had received and read the police reports and that he understood the evidence in the case. He agreed that he had enough time to discuss the case with his attorney and was satisfied with his representation. His attorney further stated that he had reviewed with Alcantara the deposition taken in the case. Thus, the record affirmatively indicates that trial counsel was not deficient as claimed in this assigned error.

### (b) English Language Legal Documents

Alcantara next claims that trial counsel was deficient in failing to provide him with Spanish translations of important legal documents. He asserts that he is a Spanish-speaking immigrant who is unable to read, write, and understand the English language. He argues that despite knowledge of his English language deficiencies, trial counsel permitted him to read and even sign important legal documents written entirely in English without providing any translation or explanation of the meaning of the legal documents. Alcantara maintains that failure to translate these documents prejudiced his ability to mount an adequate defense and to fully understand both the plea bargaining and sentencing proceedings.

Alcantara does not specify which important legal documents he was not provided a translation of or was required to sign. Thus, his allegations of ineffective assistance of counsel are not pled with sufficient particularity. See *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). Further, as noted above, Alcantara represented to the court at the plea hearing that he read the police reports and reviewed them with his attorney, and that he had no problem understanding the evidence in the case. This assigned error also fails.

### (c) Sentencing Promise

Alcantara asserts that trial counsel promised that he would receive no more than 10 years' imprisonment if he pled no contest to the amended charges. He claims that trial counsel told him that the district court would place great weight at sentencing upon his decision to waive a jury trial. Finally, he maintains that trial counsel misled him to believe that the district court would sentence him at the lower end of the sentencing range if he agreed to the plea deal. Alcantara argues that he would not have pled had trial counsel not misled him as to the possible sentencing ramifications, and the case would have proceeded to trial.

The record clearly refutes this claim. At the plea hearing, the State advised the court that there was no agreement as to sentencing, and the court advised Alcantara that it was fully the court's discretion as to the sentence imposed. Alcantara affirmed that no one told him or led him

to believe that he would get a light sentence, be rewarded, or promised anything to get him to plead no contest. He also agreed that no one had offered him leniency to get him to plead no contest. Alcantara has failed to show deficient performance in this regard.

### (d) Cumulative Error

Alcantara assigns that even if one of the foregoing examples of trial counsel's performance did not, by itself, rise to the level of a constitutional violation, the cumulative effect of all the errors shows trial counsel's overall performance was so deficient that it denied him the effective assistance of counsel. Because we have found that Alcantara failed to show deficient performance in any of the ways alleged, there was no cumulative error.

### 2. EXCESSIVE SENTENCE

Alcantara was sentenced to a term of 40 to 46 years' imprisonment on the attempted first degree sexual assault of a child, a Class II felony, and to terms of 2 to 3 years' imprisonment on each of the third degree sexual assault of a child charges, both Class IIIA felonies. A Class II felony is punishable by a minimum of 1 year's and a maximum of 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 2016). Class IIIA felonies are punishable by a maximum of 3 years' imprisonment, a $10,000 fine, or both. *Id*. All of Alcantara's sentences are within the statutory limits.

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*. In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Stone*, 298 Neb. 53, 902 N.W.2d 197 (2017).

Alcantara argues that the district court abused its discretion in sentencing him to a term of imprisonment near the high end of the range permitted by statute. He asserts that the court did not give sufficient consideration to his mentality, education, social and cultural background, lack of criminal history, and his record of law-abiding conduct. Alcantara points to his acceptance of responsibility and cooperation in taking the plea deal, and his expression of remorse as mitigating factors. In addition, he points to his background; having been born in Guatemala, moving here when he was 21 to escape poverty and crime, his lack of education, and his difficult adjustment due to the language barrier. Finally, he points to his lack of criminal history and gainful employment since moving to the United States.

According to the PSI, Alcantara, age 27, came to the United States from Guatemala when he was 21 years old. He completed 3 years of elementary school and performed agricultural work in Guatemala. He has had various jobs in the United States, mostly working for cash since he does not have a Social Security number. He is an illegal and undocumented person in the United States and is facing possible deportation. Other than two citations for no valid operator's license for which he received fines, he has no criminal history. Alcantara scored in the overall medium risk range on the Level of Service/Case Management Inventory and in the problem risk range for truthfulness on the Substance Abuse Questionnaire.

At the sentencing hearing, Alcantara stated that he was "repentant," and he asked for forgiveness from the court and the parents of the victims. His counsel made argument for leniency. The district court indicated that it took into account all of the information and argument presented to it, information in the PSI, including Alcantara's age, mentality, education, experience, background, past criminal record, nature of the offenses, including the presence of violence, and motivation for the offenses.

Based upon this record, we can find no abuse of discretion by the district court in the sentences imposed.

## VI. CONCLUSION

The record refutes that Alcantara received ineffective assistance from his trial counsel. We find no abuse of discretion in the sentences imposed. We affirm the convictions and sentences.

AFFIRMED.