IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. THAYER


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

CLINT A. THAYER, APPELLANT.


Filed March 2, 2021.    No. A-20-462.


Appeal from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Jordan E. Holst for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.


PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

PIRTLE, Chief Judge.

### INTRODUCTION

Clint A. Thayer appeals from his plea-based convictions in the district court for Douglas County for attempted assault, domestic assault, false imprisonment, and terroristic threats. He argues that the district court abused its discretion in imposing excessive sentences. Because we find no prejudicial error in the sentences imposed, we affirm the district court.

### BACKGROUND

On February 11, 2020, Thayer entered pleas of no contest to count I, attempted first degree assault, a Class IIA felony; count II, third degree domestic assault (second offense); count III, first degree false imprisonment; and count IV, terroristic threats. Counts II, III, and IV were all Class IIIA felonies. The district court accepted Thayer's no contest pleas and found him guilty of the charges beyond a reasonable doubt.


- 1 -

At the sentencing hearing, the district court sentenced Thayer to a term of 14 to 15 years' imprisonment on count I and to terms of 3 years' imprisonment each on counts II, III, and IV. The sentences were ordered to run concurrently, and Thayer was given credit for 217 days of time served.

This appeal followed.

## ASSIGNMENT OF ERROR

Thayer assigns that the district court abused its discretion by imposing an excessive sentence.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *State v. Clausen*, 307 Neb. 968, 951 N.W.2d 764 (2020).

## ANALYSIS

Thayer's sole assignment of error is that the district court abused its discretion in sentencing and that it imposed excessive sentences. He argues that the district court failed to consider all of the appropriate factors when making its sentencing determination. Specifically, Thayer claims that his young age, his desire to participate in substance abuse treatment, and his supportive family all indicated that a sentence of probation rather than incarceration was appropriate.

Thayer was convicted of attempted first degree assault, a Class IIA felony with a possible penalty of up to 20 years' imprisonment (count I) as well as third degree domestic violence (second offense), first degree false imprisonment, and terroristic threats, each a Class IIIA felony with a potential penalty of up to 3 years' imprisonment, up to a $10,000 fine, or both (counts II, III, and IV). Neb. Rev. Stat. § 28-105 (Reissue 2016). The district court sentenced Thayer to a term of 14 to 15 years' imprisonment on count I and to terms of 3 years' imprisonment each on counts II, III, and IV. The court ordered all four sentences to run concurrently. These sentences are all within the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Stack*, 307 Neb. 773, 950 N.W.2d 611 (2020). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the

sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

According to the record, the district court properly considered the above facts, along with the information contained in the presentence investigation report. At the sentencing hearing, the district court explicitly referenced Thayer's criminal history and his mental health issues. The court also cited the extent of the victim's injuries; the fact that Thayer's bond in this case was revoked twice; that he had been written up four times while incarcerated during the pendency of the case; and further, that due to the plea agreement, Thayer was "relieved of the obligation to register as a sex offender as a result of his convictions in this case." The court stated that "based on all the information available to the Court with [Thayer's] drug and alcohol problems, his criminal history, and his behavior since February of this year while incarcerated, [Thayer] is a dangerous person." For those reasons, the district court concluded that Thayer was not a candidate for probation.

The record in this case reflects that the district court considered the appropriate factors in deciding Thayer's sentences, and there is no indication that the district court took into consideration any inappropriate information. Therefore, the sentences imposed by the district court do not constitute an abuse of discretion.

In its brief, the State points out that the district court failed to sentence Thayer to indeterminate sentences as to counts II, III, and IV, in accordance with Neb. Rev. Stat. § 29-2204.02 (Reissue 2016). Section 29-2204.02(4) states, in relevant part:

> For any sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, imposed consecutively or concurrently with . . . a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony, the court shall impose an indeterminate sentence within the applicable range in section 28-105 that does not include a period of post-release supervision, in accordance with the process set forth in section 29-2204.

A determinate sentence is a single term of years and an indeterminate sentence is a minimum term and maximum term or a range of time for which a defendant is to be incarcerated, even if the minimum and maximum are the same. *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018).

An appellate court may, at its option, notice plain error. *State v. Guzman*, 305 Neb. 376, 940 N.W.2d 552 (2020). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Galvan*, 305 Neb. 513, 941 N.W.2d 183 (2020). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id.*

In this case, Thayer was sentenced to determinate sentences on counts II, III, and IV, in violation of § 29-2204.02(4). Because Thayer was sentenced on these counts in conjunction with count I, a Class IIA felony, he should have been sentenced to indeterminate sentences on these three counts. However, the State argues, and we agree, that Thayer's sentences do not constitute plain error. First, the sentences on counts II, III, and IV fell within the appropriate statutory range under § 28-105. Second, because all four of Thayer's sentences were ordered to run concurrently,

the sentences on counts II, III, and IV are all subsumed by the lengthier sentence on count I, which was properly imposed. Therefore, we determine that Thayer was not prejudiced by the district court's failure to impose indeterminate sentences on Thayer's Class IIIA felony convictions.

In light of the above, Thayer's sentences on all four counts are affirmed.

CONCLUSION

We conclude that the district court did not impose excessive sentences. We further conclude that any other errors in sentencing do not rise to the level of plain error. Thayer's convictions and sentences are affirmed.

AFFIRMED.