IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. LOPEZ

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SCOTT A. LOPEZ, APPELLANT.

Filed February 7, 2023.    No. A-22-363.

Appeal from the District Court for Colfax County: CHRISTINA M. MARROQUIN, Judge. Affirmed as modified.

Erik C. Klutman, of Sipple, Hansen, Emerson, Schumacher, Klutman & Valorz, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Teryn Blessin for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

PIRTLE, Chief Judge.

INTRODUCTION

Scott A. Lopez appeals his plea-based convictions in the district court for Colfax County for three counts of intentional child abuse, no serious bodily injury, and one count of third degree sexual assault. He alleges several errors by the trial court regarding his sentences. Based on the reasons that follow, we affirm as modified.

BACKGROUND

Pursuant to a plea agreement, Lopez pled no contest to three counts of intentional child abuse, no serious bodily injury, Class IIIA felonies, and one count of third degree sexual assault, a Class I misdemeanor. Prior to accepting Lopez' pleas, the State set forth a factual basis for the charges:

On October 19, 2021, the Colfax County Sheriff's Department received a Health and Human Services Child Abuse Hotline priority 1 call that [A.R.] was being sexually assaulted. Officers immediately located, on the same day, [A.R.] [A.R.] reported to officers that between August 1st, 2018, and January 31st, 2019, [A.R.], born in 2007, was being babysat by Scott Lopez. During that time, Scott Lopez, born April of 1987, sexually penetrated [A.R.] on at least three different occasions. [A.R.] stated that the first assault took place in the living room of the family's old house located at 237 West 2nd Street, in Leigh, Colfax County, Nebraska. Specifically, Scott Lopez anally penetrated [A.R.] when she was between the ages of ten and eleven years old and in the 4th grade.

[A.R.] further stated that these or similar sexual assaults where she was penetrated by Scott Lopez occurred multiple different times at a different location — excuse me, all in either the first house or the second house located on West 2nd Street in Leigh, and then later in a house at 236 North Oak Street in Leigh, Nebraska, while Mr. Lopez was babysitting [A.R.] and her siblings. All events occurred in Colfax County, Nebraska.

The court accepted the pleas of no contest and found Lopez guilty on all four counts. The court then ordered a presentence investigation and a sex offender risk assessment.

At the sentencing hearing, the court sentenced Lopez to a period of 3 years' incarceration followed by 18 months post-release supervision on each of the first three counts. On count 4, the court sentenced him to a period of 1 year's incarceration. The sentences were ordered to run consecutively. The court also found that Lopez committed an aggravated offense as defined by Neb. Rev. Stat. § 29-4001.01(1)(b) (Reissue 2016) and that, therefore, he was required to register under the Nebraska Sex Offender Registration Act (SORA) for the rest of his life. The court's separate post-release supervision order stated that on counts 1, 2, and 3, Lopez would serve a term of 18 months post-release supervision.

## ASSIGNMENTS OF ERROR

Lopez assigns that the trial court erred in (1) imposing excessive sentences, (2) imposing consecutive sentences of imprisonment, (3) failing to determine whether the post-release supervision ordered for counts 1, 2, and 3 were consecutive or concurrent to each other, and (4) determining that he committed an aggravated offense under § 29-4001.01 and was therefore subject to lifetime registration under SORA.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Abligo*, 312 Neb. 74, 978 N.W.2d 42 (2022). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Galvan*, 305 Neb. 513, 941 N.W.2d 183 (2020), *modified on denial of rehearing* 306 Neb. 498, 945 N.W.2d 888 (2020). Such discretion applies equally to terms of imprisonment and terms of post-release supervision and presumably includes discretion to make one form consecutive and the other concurrent. *Id.*

ANALYSIS

*Excessive Sentences.*

Lopez first assigns that the trial court erred in imposing excessive sentences. He argues that the court failed to consider certain mitigating factors, such as his criminal history, his mental health, and his childhood, in determining his sentences.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Abligo, supra*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Miller*, 312 Neb. 17, 978 N.W.2d 19 (2022).

Lopez was convicted of three counts of intentional child abuse, no serious bodily injury, which are Class IIIA felonies. Neb. Rev. Stat. § 28-707 (Reissue 2016). The statutory sentencing guidelines for a Class IIIA felony allow for up to 3 years' imprisonment and 18-months' post-release supervision with a minimum of 9-months' post-release supervision if imprisonment is imposed. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Lopez was sentenced to 3 years' imprisonment and 18-months' post-release supervision on each charge.

Lopez was also convicted of third degree sexual assault, a Class I misdemeanor. Neb. Rev. Stat. § 28-320 (Reissue 2016). Statutory guidelines for a Class I misdemeanor allow for up to 1 year imprisonment. Neb. Rev. Stat. § 28-106 (Reissue 2016). The court sentenced Lopez to 1 year imprisonment. Accordingly, Lopez' sentences are within the applicable statutory ranges, and he does not contend otherwise. An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Abligo, supra*.

At the sentencing hearing, the court stated that it reviewed the presentence investigation report. That report contains information going to each of the sentencing factors. See *State v. Miller, supra*. The trial court further stated:

> I find, with regard to sentencing, I have considered [Lopez'] age, I've considered his evaluations and assessments that were completed in the Presentence Investigation, I've reviewed his criminal record, I've considered the facts in this case that result in these convictions. The LS/CMI is high range. He appears above average on the risk to reoffend. The MMPI-3 indicates serious thought dysfunction. And he's almost two times the rate of recidivism compared to an average individual who has committed a sexually motivated offense. For those reasons I find that a lesser sentence would depreciate the seriousness of the crime, would promote disrespect for the law.

We conclude that the trial court properly considered the mitigating factors and there is nothing to indicate it considered any inappropriate factors. On this record, we find no abuse of discretion in the length of the sentences imposed. This assignment of error is without merit.

*Consecutive Sentences.*

Lopez also assigns that the trial court erred in imposing consecutive sentences of imprisonment. He argues that because the charges against him alleged the same dates for the offenses and involved the same victim, the charges were so intertwined that the sentences should run concurrently.

The charges for counts 1, 2, and 3 in the third amended information were identical in language as follows:

On or between August 1, 2018 and January 31, 2019, [Lopez] did knowingly and intentionally cause or permit a child, to-wit: A.R. Born 2007, to be placed in a situation that endangered said child's life or physical or mental health; cruelly confined or cruelly punished said child or deprived said child of necessary food, clothing, shelter or care, not resulting in serious bodily injury[.]

Count 4, third degree sexual assault, alleged the same dates for the offense as counts 1 through 3.

Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Galvan*, 305 Neb. 513, 941 N.W.2d 183 (2020), *modified on denial of rehearing* 306 Neb. 498, 945 N.W.2d 888 (2020). At the plea hearing, the factual basis for the charges included that the victim had stated that Lopez assaulted her multiple times between the dates of August 1, 2018, and January 31, 2019. Lopez was charged with and found guilty of four separate crimes that occurred during that timeframe. It is inconsequential for sentencing purposes that the crimes all occurred within the same timeframe and involved the same victim. In addition, Lopez was advised at the plea hearing that the sentences could be ordered to be served consecutively and he indicated that he understood. We find no abuse of discretion in the trial court's imposition of consecutive sentences.

*Post-Release Supervision.*

Lopez assigns that the trial court erred in failing to determine whether the post-release supervision ordered for counts 1, 2, and 3 was to run consecutively or concurrently. As previously stated, on each of the charges for intentional child abuse, no serious bodily injury, the court sentenced Lopez to 3 years' imprisonment and 18 months' post-release supervision. It did not specifically state whether the post-release supervision ordered in each count was to be served consecutive or concurrent to each other.

The State submits, and we agree, that the court imposed concurrent sentences of post-release supervision. At the sentencing hearing the court stated: "The post-release order will commence upon release from custody for a period of 18 months." The trial court's separate post-release supervision order stated: "Following your release from the sentence of incarceration imposed by the Court, you are sentenced on Counts 1, 2 and 3 to a term of 18 months of POST-RELEASE SUPERVISION, under the supervision of the District 5 Probation Office." Although the court did not explicitly state that the post-release supervision sentences were to run concurrently, it is apparent that is what it intended. Had the court wanted to impose three consecutive 18-month terms of post-release supervision, it would have stated so. Rather, it only referenced a term of 18 months upon release from incarceration. We conclude that the court imposed concurrent terms of post-release supervision.

*Sex Offender Registration Act.*

Lopez assigns that the trial court erred in determining that he committed an aggravated offense under § 29-4001.01 and was therefore subject to lifetime registration under SORA. At the sentencing hearing, the court stated:

> [R]egarding the [SORA], the Court must consider the offense and the facts that are set forth in the Presentence Investigation and the factual basis to determine the registration requirements. I have considered those matters. I do find, from the record and the Presentence Investigation, that this is an aggravated offense involving penetration with a victim under the age of 13 years, which is defined by Nebraska Revised Statute 29-4001.01(1)(b). Therefore, [Lopez] is required to register under [SORA] on a quarterly basis for the rest of his life.

Lopez primarily argues that he was not convicted of any crimes which require lifetime registration under SORA. The State agrees with Lopez that the court erred in imposing a lifetime SORA registration.

Neb. Rev. Stat. § 29-4005(1)(b)(iii) (Reissue 2016) states that the registration period is for life "if the sex offender was convicted of a registrable offense under section 29-4003 punishable by imprisonment for more than one year and was convicted of an aggravated offense or had a prior sex offense conviction or has been determined to be a lifetime registrant in another [jurisdiction]." The registration period is 15 years "if the sex offender was convicted of a registrable offense under section 29-4003 not punishable by imprisonment for more than one year." § 29-4005(1)(b)(i).

Lopez was convicted of third degree sexual assault, pursuant to § 28-320, which is a registrable offense under Neb. Rev. Stat. § 29-4003 (Cum. Supp. 2020), specifically § 29-4003(1)(a)(i)(C). Lopez does not dispute that his third degree sexual assault conviction is a registrable offense. However, it was a Class I misdemeanor that was not punishable by more than 1 year's imprisonment as is required for lifetime registration. See § 28-106. Accordingly, even if the trial court found that Lopez committed an aggravated offense, his third degree sexual assault conviction does not make him subject to lifetime registration. Rather, his third degree assault conviction requires a 15-year registration period.

Regarding Lopez' convictions for intentional child abuse, no serious bodily injury, these were based on § 28-707(1)(a), (b), or (c), which states:

> (1) A person commits child abuse if he or she knowingly, intentionally, or negligently causes or permits a minor child to be: (a) Placed in a situation that endangers his or her life or physical or mental health; (b) Cruelly confined or cruelly punished; (c) Deprived of necessary food, clothing, shelter, or care.

Had the child abuse charges contained in the information, to which Lopez pled no contest, included allegations under subsections (d) or (e) of § 28-707(1), the result would be different. However, since it does not, the child abuse charges to which he pled are not registerable offenses under § 28-4003.

- 5 -

We conclude Lopez was not convicted of any crimes which require lifetime registration under SORA, and the trial court erred in ordering such requirement. Accordingly, we modify Lopez' SORA registration requirement to 15 years in accordance with § 29-4005(1)(b)(i).

CONCLUSION

Based on the reasons above, we affirm Lopez' sentences of incarceration. His sentences of post-release supervision are to run concurrently, and we modify his requirement to register under SORA to 15 years.

AFFIRMED AS MODIFIED.