IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. BAILEY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ALOSIUS BAILEY, APPELLANT.

Filed February 7, 2023.    No. A-22-417.

Appeal from the District Court for Adams County: MORGAN R. FARQUHAR, Judge. Affirmed as modified.

John A. Sauder, of DeWald Deaver L'Heureux, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

MOORE, RIEDMANN, and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Alosius A. Bailey, in two separate cases, pled no contest to possession of methamphetamine and attempted assault of a confined person, both Class IV felonies. Bailey was subsequently convicted of both crimes and sentenced during the same sentencing hearing. We will refer to his conviction on the charge of possession of methamphetamine as the methamphetamine conviction and his conviction for attempted assault on a confined person as the attempted assault conviction. Bailey's sentence for the methamphetamine conviction was summarily affirmed by this court. See *State v. Bailey*, A-22-395. The current appeal only concerns Bailey's sentence for the attempted assault conviction. Bailey contends that the sentence imposed was excessive which led to an unjust result. The State contends that the sentence imposed was not excessive, but that the district court committed plain error by applying 125 days of credit for time served to both his sentence for the methamphetamine conviction and the sentence for the attempted assault

- 1 -

conviction. For the reasons set forth herein, we affirm his attempted assault conviction but modify his sentence thereon to reflect that he is not to receive duplicative credit for time served.

## STATEMENT OF FACTS

In January 2022, the State charged Bailey with assault by a confined person, a Class IIIA felony. Pursuant to a plea agreement, Bailey pled no contest to a reduced charge of attempted assault by a confined person, a Class IV felony, resulting in the attempted assault conviction. As part of the plea agreement, the State agreed not to oppose concurrent sentences in this case and the methamphetamine case. The State also agreed to dismiss two other possession of methamphetamine charges and a drug paraphernalia charge.

The plea hearing is not part of the record before this court. We provide a factual summary for the offense from information contained in the presentence investigation report (PSR). On November 12, 2020, Bailey was arrested pursuant to an active Buffalo County warrant and was also charged with possession of methamphetamine. Bailey was in custody when, on November 4, 2021, law enforcement was dispatched to the Adams County Jail regarding an alleged assault. The victim reported being punched by Bailey. Bailey stated "he wants people to stop talking trash" and that the victim called him the "N-word." The victim denied saying anything to Bailey. As a result of the assault, the victim suffered fractures on each side of his jaw. Another inmate reported that Bailey "has mental issues and hears voices."

At the sentencing hearing which encompassed both the methamphetamine conviction and the attempted assault conviction, the district court stated:

[W[hen I prepare a sentence, I consider a lot of different things. I consider your age, your education, your cultural background. I consider the nature of the offense in this particular situation. And the first case is related to methamphetamine; the second case is related to an assault on a confined person. And I consider what the ramifications of both of those types of crimes are, one involving drugs and one involving injury to a person. And I also consider any of your previous law-abiding conduct, and I also consider any of your past criminal conduct that resulted in either an arrest or a conviction of some type.

And when I review your presentence investigation which contains that information, specifically the information regarding your criminal history, the probation department has provided me with a record that starts back in 1995. And from a review of that record, in 2003 you didn't have an arrest or a conviction. In 2005, 2006, 2007, and 2008 you didn't have a conviction or an arrest.

Other than that, since 1995 you've had an arrest or a conviction every year. Your record includes attempts at probation. You've been sentenced to jail. You've been fined. You've been sentenced to fairly significant periods of incarceration in a county jail. And you also failed to complete the presentence investigation.

. . . .

All of those things indicate to me that you're not a suitable candidate for probation.

. . . .

. . . Both of these counts are Class IV felonies, which there is normally a presumption — or there is a presumption that you would receive probation, but in this case I think there are substantial and compelling reasons why the Court cannot grant you

probation. And that being your criminal record, the nature of the offense — especially on the second case where it involved violence towards another person — and also considering your behavior towards the probation office.

So for those reasons, the Court does find that you're not a suitable candidate for probation and that a straight sentence would be the natural course, and that a straight sentence would not depreciate the public's impression of the law, and it is appropriate to protect society from you during this period of transition.

On the methamphetamine conviction, the court sentenced Bailey to 24 months' imprisonment with credit for 237 days served. This sentence was summarily affirmed by this court in case No. A-22-395. On the attempted assault conviction, the court sentenced Bailey to 24 months' imprisonment with credit for 125 days served and ordered the sentence to run consecutively to the sentence imposed for the methamphetamine conviction. Bailey has timely appealed and is represented by the same attorney that represented him before the district court.

## ASSIGNMENT OF ERROR

Bailey contends that the sentence imposed was excessive which led to an unjust result.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Abligo*, 312 Neb. 74, 978 N.W.2d 42 (2022).

## ANALYSIS

### EXCESSIVE SENTENCE

Bailey contends that the sentence imposed for the attempted assault conviction was excessive which led to an unjust result. Bailey was convicted of a Class IV felony. His sentence of 24 months' imprisonment is within the statutory sentencing range for Class IV felonies which are punishable by a minimum of no imprisonment and a maximum of 2 years' imprisonment and from a minimum of 0 to a maximum of 12 months' post-release supervision and/or a $10,000 fine. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). The court properly sentenced Bailey to a determinate sentence pursuant to Neb. Rev. Stat. § 29-2204.02(1) (Reissue 2016). Further, as required by § 29-2205.02(3), the district court stated on the record that Bailey was not a suitable candidate for probation for reasons including Bailey's criminal history, the nature of the offense, and Bailey's behavior towards the probation office. Additionally, Bailey received a benefit from his plea agreement in which the charge in this case was reduced from a Class IIIA felony to a Class IV felony and two possession of methamphetamine charges and a drug paraphernalia charge were dismissed.

Bailey did not complete a presentence investigation interview due to "noncomplian[ce] at the probation office to the point that personnel there felt threatened." Information contained within the PSR included that Bailey was 45 years old, divorced, and attended some college. His criminal history included seven convictions for criminal mischief; three criminal convictions each for theft, no operator's license, possession of marijuana (less than 1 oz.), possession of drug paraphernalia, and attempted possession of a controlled substance; two convictions each for failure to appear and

third degree assault; and single convictions for second degree assault, carrying a concealed weapon, possession of narcotic equipment, driving under the influence, smuggling marijuana, making a false statement to border patrol, assaulting a family member, disturbing the peace, violation of a protection order, assault, attempt of a Class IV felony, and failure to license a vehicle. Additionally, Bailey was previously sentenced to probation, which was revoked.

Based upon factors including that the sentence imposed was within the statutory sentencing range, the benefit Bailey received from the plea agreement, his criminal history, his previous failure on probation, his failure to cooperate with probation to complete his presentence investigation interview, the seriousness of the offense, and the injury to the victim, the sentence imposed was not an abuse of discretion. This assignment of error fails.

PLAIN ERROR

In its brief, the State argues that Bailey was given credit of 125 days previously served but that he was already provided credit for those days served in connection with his sentence for the methamphetamine conviction. See *State v. Guzman*, 305 Neb. 376, 940 N.W.2d 552 (2020) (when defendant challenges sentence imposed by district court as excessive, State may identify any plain sentencing errors in its responsive brief).

Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022). Consideration of plain error occurs at the discretion of an appellate court. *Id*.

Presentence credit is to be applied only once when the defendant has multiple charges or multiple cases pending simultaneously. *State v. Galvan*, 305 Neb. 513, 941 N.W.2d 183, *modified on denial of rehearing* 306 Neb. 498, 945 N.W.2d 888 (2020).

According to information contained in the PSR, Bailey was in jail for the attempted assault by a confined person charge for 125 days: from November 5, 2021, until his sentencing on March 9, 2022. The PSR also reflects that, during this same period of time, Bailey was in jail related to his possession of methamphetamine charge from October 27, 2021, until his sentencing on March 9, 2022. Because the PSR reflects that the 125-day time period for which Bailey was awarded credit for time served was included in the award of credit for time served for the methamphetamine conviction, Bailey received a duplicate credit for 125 days. Since this court has already summarily affirmed Bailey's sentence and credit for time served for his methamphetamine conviction in A-22-395, we modify the court's sentencing order regarding the attempted assault conviction to reflect that Bailey should have not received any credit for time served. See *State v. Williams*, 282 Neb. 182, 802 N.W.2d 421 (2011) (modifying sentencing order to only grant credit for time served to first sentence imposed).

CONCLUSION

Having rejected Bailey's assigned error, we affirm his conviction and sentence as modified to remove the credit for time served.

AFFIRMED AS MODIFIED.